### FORT EDWARD WATER-WORKS v. McINTYRE et al.

(*Supreme Court, General Term, Third Department.* February 7, 1889.)

EASEMENT—CONSTRUCTION OF DEED—EXTENT OF RIGHT.

Under a deed granting the right of ingress and egress in and through the grantor's lands for the purpose of laying, repairing, etc., water-pipes, followed by a description of certain land, and granting the right of laying pipes along courses described, the grantee has no right to lay a pipe on the grantor's lands outside those definitely described, and such right is not given by a conversation in which the grantor's agent said he wanted to be paid for it a sum named.

Appeal from special term, Washington county.

Action by the Fort Edward Water-Works against Margaret McIntyre and husband for damages for interfering with plaintiff's water-pipes, and to restrain further interference. Mrs. McIntyre had conveyed to plaintiff the right "of ingress or egress in, upon, and through" her lands "for the purpose of laying water-pipe, repairing and maintaining the same forever, on the lands of the party of the first part, and land as hereinafter described known and distinguished on a" certain map "commencing at station four on said map and running thence," etc., describing a piece of land, and conveyed to plaintiff a piece of land described; "also the right of laying water-pipe as aforesaid from station eight in, upon, and through lands of the party of the first part on a course south, 69 deg. 30 min., east," etc., describing a course to a given point, "and at that point to take water of the several springs embraced in an area of ½ acre, and the land to that extent surrounding the same as distinguished and laid down on said map; also the right and privilege as aforesaid of laying their water-pipes from station eight aforesaid on a course," describing it, "and take the springs and the water thereof at that point, and the land embracing the same, as laid down and distinguished on said map, being 20-100 of an acre; * * * and also the right and privilege

of laying their water-pipe, in, upon, and through the lands of the party of the first part, from station eight on said map, northerly," etc., "with the right and privilege of ingress and egress as aforesaid from any public highway over and upon the lands of the party of the first part, * * * at any and all times, for the purpose of laying said water-pipe, or repairing and maintaining the same, and building reservoirs," etc. Plaintiff entered the lands and exercised the rights granted, and afterwards entered Mrs. McIntyre's lands, against her prohibition, and laid across them a new system of water-pipe outside of the lands described in the deed, and distant therefrom from 123 to 385 feet. It was for breaking this latter pipe that the action was brought. Qua, plaintiff's superintendent, testified that McIntyre said that if the company laid the pipe he wanted to be paid for it, and $50 would be satisfactory; that witness said that he had nothing to do with making the trade, but would report. Judgment for defendants, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Fred A. Bratt,* (*R. Armstrong, Jr.,* of counsel,) for appellant. *M. H. O'Brien,* (*J. A. Kellogg,* of counsel,) for respondents.

PER CURIAM. The meaning of the deed is obvious. The plaintiff acquired a right to lay pipe along the line definitely described therein by courses and distances, and not elsewhere. Nor was any right to lay pipe elsewhere acquired by the conversations between Qua and McIntyre; certainly no right which could not be revoked at any time. The judgment is affirmed, with costs.